# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTINA NAPOLIS, an Individual,

Electronically Filed
Superior Court of California
County of San Joaquin
2025-10-07 15:07:39
Clerk: Monica Jones

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Joaquin County Superior Court
*(El nombre y dirección de la corte es):* Stockton Courthouse
180 E. Weber Ave.
Stockton, CA 95202

CASE NUMBER:
*(Número del Caso):*
**STK-CV-UWT-2025-0014796**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Soheil Bahari, Esq., Lyfe Law, LLP, 864 S. Robertson Blvd., Los Angeles, CA 90035

DATE: **2025-10-07**                    **Stephanie Bohrer**        Clerk, by *Monica D. Jones*        , Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**GREGORY P. WONG (SBN: 204502)**
**SOHEIL BAHARI (SBN: 297162)**
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, CA 90035
Telephone: 888.203.1422
Facsimile: 888.203.1424
Email: GregW@lyfe.com
       SoheilB@lyfe.com

**Attorneys for Plaintiff**
**Christina Napolis, an Individual**

Electronically Filed
Superior Court of California
County of San Joaquin
2025-10-07 15:07:39
Clerk: Monica Jones

Case Management Conference
2026-04-07 8:45AM in 10D

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| CHRISTINA NAPOLIS, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO.: STK-CV-UWT-2025-0014796**<br><br>**COMPLAINT FOR:**<br><br>**1. Disability Discrimination (FEHA)**<br><br>**2. Failure to Accommodate Disability (FEHA)**<br><br>**3. Wrongful Termination In Violation of Public Policy**<br><br>**[UNLIMITED CIVIL]**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Christina Napolis (hereinafter "Plaintiff" or "Plaintiff Christina Napolis") alleges and states as follows:

### THE PARTIES

1.      At all times relevant herein, Plaintiff was, and is, an individual who maintained a residence in the City of Stockton, County of San Joaquin, State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Amazon.com Services LLC (hereinafter "Defendant" or "Defendant Amazon"), was, and is a Delaware Limited Liability Company with principal place of business at

410 Terry Avenue North, Seattle, WA 98109. Defendant Amazon touts itself as one of the world's largest technology companies engaged in e-commerce, cloud computing, online advertising, digital streaming and artificial intelligence. During the period of time relevant to this Action, Plaintiff worked at Defendant's Stockton, California location located at 3923 S B St, Stockton, CA 95206.

3.    Plaintiff is unaware of the true names and capacities of Defendants named herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege such names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants stated herein bears a legal responsibility to Plaintiff similar to that of the named Defendant herein.

4.    At all times mentioned herein, Defendants DOES 1 through 100, inclusive, were the agents, servants, and employees of their Co-Defendants, and in doing the things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their Co-Defendants.

## **JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.    This Court has jurisdiction over Defendant, because, upon information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in this Court, because, upon information and belief, the named Defendant resides, transacts business, or has offices in this county, and the acts or omissions alleged herein took place in this county.

8.      This matter is properly considered an unlimited matter as Plaintiffs damages exceed $35,000.00 and Plaintiff seeks injunctive relief.

9.      Plaintiff hereby demands a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Plaintiff was employed by Defendant Amazon as an hourly full-time non-exempt employee working as a Fulfillment Associate at Defendant's Stockton, CA location.  Plaintiff's job duties consisted of preparing orders, palletizing and sorting items, etc.  Plaintiff was hired in June of 2019 and she continued to be employed by Defendant through November 23, 2024 when her employment was involuntarily terminated. Plaintiff alleges in this action that she was denied essential workers' rights under the California Labor Code and was unlawfully terminated in violation of the California Fair Employment and Housing Act.

11.     Throughout her employment with Defendant, Plaintiff suffered from physical disabilities and had medical conditions impacting her musculoskeletal system that limited her in the daily life activities of lifting, pushing, pulling, walking and working.

12.     Specifically, in June of 2019, Plaintiff had to undergo a week of physical therapy and returned to work with no restrictions.

13.     Thereafter, in the beginning of 2020, Plaintiff's back gave out while performing her work duties and she was forced to take an unpaid medical leave of absence for 15 days.

14.     On or about February of 2020, Plaintiff was placed on restriction of light 20hr work duty during her first pregnancy which was subsequently lifted in May of 2020.

15.     In mid July of 2020, plaintiff was diagnosed with gout and once again had to go on unpaid medical leave of absence and was later placed on disability by her physician which was followed by her maternity leave. Plaintiff returned to work on or about April of 2021.

16.     In September 2021, within her seventh month of Plaintiff's second pregnancy, Plaintiff experienced an emergency medical condition, specifically her water breaking during work, for which she requested to leave but she was refused to do so by Jessica, HR manager, who advised Plaintiff that she has to finish her remaining three hours of her shift to not negatively impact her maternity leave.  Upon Plaintiff's admission to the Emergency Room and undergoing examination,

1  she was informed that she had a ruptured uterus which necessitated a procedure to close the rupture.

2  Plaintiff was placed on medication to ensure that she could complete her term.  Plaintiff had to take

3  unpaid medical leave of absence followed by maternity leave.

4     17. In February 2022, Plaintiff returned to work with medical restrictions due to

5  presence of a cyst in her uterus. Plaintiff was not to lift, push or pull objects weighing more than

6  twenty pounds.  On her second day returning to work, the restrictions were ignored by Defendant

7  and Plaintiff was placed back on trailer duty.  When Plaintiff questioned her assignment, she was

8  told that "you will do it because I told you to" and "you are an Amazonian and you will go where I

9  put you".  Plaintiff was placed at the back of the assembly line dealing with heavy loads contrary

10  to her restrictions.

11     18. Two weeks later, Plaintiff had to go back to her doctor for neck pain due to bulging

12  discs and she had to take unpaid medical leave of absence for two months.  Plaintiff returned to

13  work in May 2022 with no restrictions and was placed on heavy duty assignments.

14     19. In December 2023, Plaintiff's back and hip gave out and she was once again

15  placed on unpaid medical leave of absence and returned to work with no restrictions in January

16  2024.

17     20. Plaintiff performed her duties until April of 2024, when her spinal and hip pain

18  returned forcing her to undergo injections to the affected areas.  In June of the same year, the

19  MRI of her spine revealed multi-level discs in Plaintiff's neck and a cyst in her mid-back.

20  Plaintiff was placed on restrictions to work on light duty assignments.  The light duty restrictions

21  were not followed by the Defendant. When inquired about lack of accommodation, Defendant's

22  supervisor stated that they could not see Plaintiff's doctor's note on their portal. Thereafter, she

23  was placed on lighter tasks.

24     21. In August of 2024, Plaintiff had to take one-week off to give care to her father.

25  Upon her return, Defendant retaliated against her by placing her back on full duty until

26  September/October 2024, when Plaintiff was placed with the other disabled agents performing

27  group physical tasks.

28

22.    On or about November 8, 2024, Plaintiff was placed on suspension for one week, when her words to another co-worker were taken out of context to wrongfully suggest that she made a threat of physical harm.

23.    On or about November 17, 2024, Plaintiff was placed back on schedule, but when she requested the paperwork concerning her suspension, she was notified that she was terminated.

24.    At all relevant times above, Plaintiff notified Defendant of her medical disability and restrictions and provided the Defendant with all the paperwork evidencing her needed accommodation and restrictions.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendant did not want to be saddled with an employee who might miss time because of medical disability.   To achieve that goal, Plaintiff believes and thereupon alleges that Defendant used an exaggerated claim of an alleged verbal threat to terminate her employment.   Plaintiff is informed and believes, and based thereon alleges, that her disability and the burden of accommodating her disability were substantial motivating factors in Defendant's decision to terminate her employment under the guise of violation of the Defendants' Security Standards of Conduct due to the aforementioned alleged verbal threat.

### FIRST CAUSE OF ACTION

**(Disability Discrimination in Violation of FEHA**

**Against all Defendant)**

26.    Plaintiff refers to and incorporates all prior paragraphs herein as though fully set forth herein.

27.    Plaintiff alleges that Defendant failed to reasonably accommodate her physical disability as required under the California Fair Employment and Housing Act, Gov. Code section 12490, et. Seq. ("FEHA"). At all times relevant to this Action, Defendant was a covered "Employer" for purposes of the California Fair Employment and Housing Act.

28.    At all times relevant to this Action, Plaintiff was an "Employee" of Defendant for purposes of the California Fair Employment and Housing Act.

29.    Plaintiff is informed and believes, and based thereon alleges that Plaintiff suffered

1    from suffered from physical disabilities and had medical conditions impacting her musculoskeletal

2    system that limited her in the daily life activities of lifting, pushing, pulling, walking and working.

3        30.    Defendant involuntarily terminated Plaintiff's employment on or about November

4    23, 2024.

5        31.    Plaintiff is informed and believes and based thereon alleges that her medical

6    disability was a substantial motivating reason for Defendant's decision to terminate her

7    employment.

8        32.    Plaintiff is informed and believes, and based thereon alleges, that as a direct and

9    proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic

10   detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and

11   benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and

12   prejudgment interest in an amount to be determined at trial.

13       33.    Plaintiff is informed and believe, and based thereon alleges, that as a further direct

14   and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer

15   substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and

16   physical distress, pain and suffering, and has been generally damaged in an amount to be

17   determined at trial.

18       34.    Plaintiff is informed and believe, and based thereon alleges, that Defendant willfully

19   engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or

20   justification, and with the specific intent to injure Plaintiff for an improper and evil motive which

21   constitutes a malicious and conscious disregard of Plaintiff's rights.  By reason thereof, Plaintiff is

22   entitled to an award of exemplary and punitive damages against Defendant sufficient to punish and

23   deter Defendant from engaging in such conduct in the future in an amount to be determined at trial.

24       35.    As a direct result of the conduct of Defendant as set forth above, Plaintiff was forced

25   to incur substantial attorney's fees and costs which are recoverable under California Government

26   Code section 12965(b).

27   / / /

28   / / /

**SECOND CAUSE OF ACTION**

**(Failure to Reasonably Accommodate Disability in Violation of FEHA**

**Against all Defendant)**

36.     Plaintiff refers to and incorporates all prior paragraphs herein as though fully set forth herein.

37.     Plaintiff alleges that Defendant failed to reasonably accommodate her physical disability as required under the California Fair Employment and Housing Act, Gov. Code section 12490, et. Seq. ("FEHA"). At all times relevant to this Action, Defendant was a covered "Employer" for purposes of the California Fair Employment and Housing Act.

38.     At all times relevant to this Action, Plaintiff was an "Employee" of Defendant for purposes of the California Fair Employment and Housing Act.

39.     Plaintiff is informed and believes, and based thereon alleges that Plaintiff suffered suffered from physical disabilities and had medical conditions impacting her musculoskeletal system that limited her in the daily life activities of lifting, pushing, pulling, walking and working.

40.     Plaintiff was able to perform the essential duties of her position as an hourly non-exempt employee with reasonable accommodation for her physical disability. Specifically, Plaintiff needed and requested intermittent leave.

41.     Plaintiff is informed and believes, and based thereon alleges that Defendant was aware of her medical disability and requests for disability accommodations.

42.     Defendant failed to provide reasonable accommodation for Plaintiff's medical disability.

43.     Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

44.     Plaintiff is informed and believe, and based thereon alleges, that as a further direct

1   and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer

2   substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and

3   physical distress, pain and suffering, and has been generally damaged in an amount to be

4   determined at trial.

5        45.    Plaintiff is informed and believe, and based thereon alleges, that Defendant willfully

6   engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or

7   justification, and with the specific intent to injure Plaintiff for an improper and evil motive which

8   constitutes a malicious and conscious disregard of Plaintiff's rights.  By reason thereof, Plaintiff is

9   entitled to an award of exemplary and punitive damages against Defendant sufficient to punish and

10  deter Defendant from engaging in such conduct in the future in an amount to be determined at trial.

11       46.    As a direct result of the conduct of Defendant as set forth above, Plaintiff was forced

12  to incur substantial attorney's fees and costs which are recoverable under California Government

13  Code section 12965(b).

14                            **THIRD CAUSE OF ACTION**

15                     **(Wrongful Termination in Violation of Public Policy**

16                              **Against all Defendant)**

17       47.    Plaintiff refers to and incorporates herein by reference all prior paragraphs alleged

18  in this Complaint.

19       48.    During the period of time relevant to this action, Plaintiff was employed by

20  Defendant.

21       49.    On or about November 17, 2024, Defendant involuntarily terminated Plaintiff's

22  Employment following Plaintiff's suspension allegedly due to an alleged verbal threat. Plaintiff is

23  informed and believes, and based thereon alleges, that her disability and the burden of

24  accommodating her disability were substantial motivating factors in Defendant's decision to

25  terminate her employment under the guise of violation of the defendants' Security Standards of

26  Conduct due to the aforementioned alleged verbal threat.

27       50.    At all times relevant to this action, the Fair Employment and Housing Act (Gov.

28  Code section 12940, et seq. articulated, codified, and restated the public policy of the State of

LyfeLaw

California.  Plaintiff is informed and believes, and based thereon alleges, that her attempts to exercise her right to a reasonable disability accommodation was a substantial motivating reason for her discharge.

51.    Plaintiff is informed and believes, and based thereon alleges, that as a direct, substantial, and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

52.    Plaintiff is informed and believe, and based thereon alleges, that as a further direct, substantial, and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

53.    Plaintiff is informed and believe, and based thereon alleges, that Defendant willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights.  By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant sufficient to punish and deter Defendant from engaging in such conduct in the future in an amount to be determined at trial.

54.    As a direct result of the conduct of Defendant as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

**ON THE FIRST CAUSE OF ACTION (DISABILTY DISCRIMINATION):**

1.    That the Court declare, adjudge, and decree that all Defendants violated the Fair Employment and Housing Act;

2.    For lost wages and benefits and other monetary relief in an amount

1    to be determined at trial;

2    3.    For compensatory damages, including emotional distress damages,

3    in an amount to be determined at trial;

4    4.    For general and special damages in an amount to be determined at

5    trial; and

6    5.    For punitive damages in an amount to be determined at trial.

7    **ON THE SECOND CAUSE OF ACTION (FAILURE TO ACCOMMODATE**

8    **DISABILITY):**

9    1.    That the Court declare, adjudge, and decree that all Defendants

10    violated the Fair Employment and Housing Act;

11    2.    For lost wages and benefits and other monetary relief in an amount

12    to be determined at trial;

13    3.    For compensatory damages, including emotional distress damages,

14    in an amount to be determined at trial;

15    4.    For general and special damages in an amount to be determined at

16    trial; and

17    5.    For punitive damages in an amount to be determined at trial.

18    **ON THE THIRD CAUSE OF ACTION (WRONGFUL TERMINATION):**

19    1.    That the Court declare, adjudge, and decree that all Defendants

20    terminated Plaintiff in violation of public policy;

21    2.    For lost wages and benefits and other monetary relief in an amount

22    to be determined at trial;

23    3.    For compensatory damages, including emotional distress damages,

24    in an amount to be determined at trial;

25    4.    For general and special damages in an amount to be determined at

26    trial; and

27    5.    For punitive damages in an amount to be determined at trial.

28

LyfeLaw

**AS TO ALL CAUSES OF ACTION:**

1.      For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law; and

2.      For such other and further relief as this Court may deem just, fair, and proper.

DATED: October 7, 2025

Respectfully Submitted,
**LYFE LAW, LLP**

_____
Gregory P. Wong
Soheil Bahari
Attorneys for Plaintiff
Christina Napolis

11
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Soheil Bahari, Esq (297162); Gregory Wong, Esq (204502)<br>864 S. Robertson Blvd., 3rd Floor, Los Angeles, CA 90035 | **Electronically Filed**<br>**Superior Court of California**<br>**County of San Joaquin**<br>2025-10-07 15:07:39<br>Clerk: Monica Jones |

TELEPHONE NO.: 888-203-1422    FAX NO.: 888-203-1424
EMAIL ADDRESS: SoheilB@Lyfe.com; GregW@Lyfe.com
ATTORNEY FOR *(Name):* Plaintiff CHRISTINA NAPOLIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS: 180 E. Weber Ave.
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton Courthouse

**Case Management Conference**
**2026-04-07 8:45AM in 10D**

CASE NAME:
NAPOLIS v. AMAZON.COM

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | STK-CV-UWT-2025-0014796 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| | | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence        court
                                f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.  Number of causes of action *(specify):* Three (3)
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 7, 2025
Soheil Bahari                                       *(signature)*
_____
(TYPE OR PRINT NAME)                    ►          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
   relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.
>
> **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorney's fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What is the Disadvantage of using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- ***Cost*** – The neutral may charge a fee for their services.
- ***Timelines*** – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ ***Judicial Arbitration Program*** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award ***and proceed to trial.*** See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ ***Private Arbitration*** (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:              Div.:                 Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐  a jury trial   ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐  by the attorney or party listed in the caption   ☐  by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                                  g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
   (1)   For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
   (2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** (if available).
   (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
   (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                            FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐LODI Branch  ☐ MANTECA Branch  ☐ TRACY Branch  ☐STOCKTON Branch
315 W. Elm St.    315 E. Center St.    475 E. 10th St.    222 E. Weber Ave.
Lodi, CA 95240    Manteca, CA 95336    Tracy, CA 95376    Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):

CASE NUMBER:

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                                    ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12    _____

☐Binding Arbitration (private)                        _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?**  ☐ Yes        ☐ No

**Neutral's name and telephone number:** _____ /(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent
_____

                                                    (Signature)
                                            Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent
_____

                                                    (Signature)
                                            Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent
_____

                                                    (Signature)
                                            Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent
_____

                                                    (Signature)
                                            Attorney or Party without attorney

**IT IS SO ORDERED:** Dated:_____    _____

                                            Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____**at** _____**a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)